# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF CONNECTICUT
# HARTFORD DIVISION

| | | | |
|---|---|---|---|
| IN RE: | ) | Case No. | 23-20707 (JJT) |
| | ) | | |
| RYAN M. MILTON | ) | Chapter | 7 |
| | ) | | |
| Debtor. | ) | Re: ECF Nos. | 12, 17 |
| | ) | | |

## MEMORANDUM OF DECISION AND RULING ON CHAPTER 7 TRUSTEE'S OBJECTION TO DEBTOR'S CLAIM(S) OF EXEMPTION

### I. INTRODUCTION

Before the Court is an Objection to Debtor's Claim of Exemption filed by the Chapter 7 Trustee, Bonnie C. Mangan ("Trustee"), in which the Trustee objects to the federal homestead exemption claimed by Ryan M. Milton ("Debtor") in his Chapter 7 case. (ECF No. 12, "Objection"). The Objection arises out of a homestead exemption claimed on an interest in a parcel of real property located at 326 Ring Drive, Groton, Connecticut ("Property"). As of the date of the filing of this case, the Property was titled in the names of the Debtor and his ex-spouse but is the subject of a divorce judgment entered into by agreement in the Connecticut Superior Court that was entered on November 16, 2020. For the reasons that follow, the Court finds that the Trustee has failed to satisfy her burden to demonstrate that the Debtor's claimed federal homestead exemption is improper.

### II. UNCONTESTED FACTS

The Debtor commenced his Chapter 7 bankruptcy case on September 8, 2023 ("Petition Date"). The Debtor was involved in a dissolution of marriage prior to the filing of this case. (ECF No. 19 ¶ 4). The Debtor and his ex-spouse were assisted by an attorney mediator in reaching an agreement that was ultimately approved by the Connecticut Superior Court

("Superior Court") and incorporated by reference into an order of that court. (ECF No. 19, ¶ 5; *see also* ECF No. 19, Ex. 1 ("Divorce Judgment")). The Court takes judicial notice of that domestic action in the Superior Court, found at *Milton v. Milton*, Case No. KNO-FA20-5108401-S (Conn. Super. Ct. filed Sep. 28, 2020). In the resolution of that case, the Superior Court entered the Divorce Judgment, a judgment that granted exclusive use and possession of the marital Property to the Debtor's ex-spouse and children by agreement, with the ex-spouse paying the mortgage. (ECF No. 19 ¶¶ 7–8). The Debtor and his ex-spouse had jointly acquired their interest in the Property by warranty deed dated July 21, 2016, and recorded on July 22, 2016, in Volume 1168 at pages 1102–03 of the Groton Land Records. (ECF No. 19 ¶ 11). The Debtor's ex-spouse and children continue to reside at the Property as of the Petition Date. (ECF No. 19 ¶ 7).

    The Divorce Judgment stated that the Debtor would have a $34,000 interest in the Property, on the condition that it was to be paid on or before November 1, 2033, or upon the sale or refinance of the Property by the Debtor's ex-spouse. (ECF No. 19 ¶¶ 7–8). If the ex-spouse could not refinance the home prior to November 1, 2033, then the Debtor and ex-spouse would select a real estate agent by agreement and list the Property for sale. On the Petition Date, the Debtor represented that the Property was worth an estimated $338,549.96. (ECF No. 19 ¶ 15). The value of the Property is not at issue here. Harbor One Mortgage, LLC, has a valid note and perfected mortgage on the Property for $160,167.75, which was granted by the Debtor and his then-wife, and recorded on July 22, 2017. (ECF No. 19 ¶ 16, 12). Notably, the Divorce Judgment did not order the Debtor to immediately transfer or convey his interest in the marital home to his ex-spouse, nor has any other sale, transfer, or conveyance of any legal or equitable interest in the Property taken place or been ordered as of the Petition Date. (ECF No. 19 ¶¶ 13–14). Although

the Divorce Judgment granted exclusive possession to the Debtor's wife and children, it did not dispossess him of record title (ECF No. 19 ¶ 14).

### III.    JURISDICTION

The United States District Court for the District of Connecticut (the "District Court") has jurisdiction over the instant proceedings under 28 U.S.C. § 1334(b), and the Court derives its authority to hear and determine this matter on reference from the District Court under 28 U.S.C. § 157(a), (b)(1), and the General Order of Reference of the District Court dated September 21, 1984. This is a core proceeding under 28 U.S.C. §§ 157(b)(2)(A) and (B).

### IV.    STANDARD OF REVIEW

Under the federal homestead exemption, a debtor may exempt $27,900 in value of their aggregate interest "in real property that the debtor or a dependent of the debtor uses as a residence." 11 U.S.C. ("Bankruptcy Code") § 522(d)(1); *see also In re Maresca*, 982 F.3d 859, 861 (2d Cir. 2020).[1] Courts in this Circuit have concluded, in line with decisions from other bankruptcy courts, that an "interest" is an "ownership interest" for the purposes of the Bankruptcy Code. *In re Harrington*, 578 B.R. 147, 153 (Bankr. N.D.N.Y. 2017); *see also In re Cohen*, 263 B.R. 724, 726 (Bankr. D.N.J. 2001) ("a debtor must have an ownership interest in property before an exemption may be claimed"); *First Bank of Linden v. Sloma, (In re Sloma)*, 43 F.3d 637, 640 (11th Cir. 1995) ("a debtor cannot claim as exempt property that he does not own"). Absent any timely objection, a debtor's claim of exemption is presumptively valid. Bankruptcy Code § 522(*l*). As the objector, the Trustee bears the burden of proving, by a

---

[1] The Debtor has not elected to proceed under the Connecticut homestead exemption. The Connecticut homestead exemption is codified at Connecticut General Statutes ("Conn. Gen. Stat.") § 52-352b(21) and "homestead" is defined at Conn. Gen. Stat. § 52-352a(5). For the Connecticut homestead exemption, there are three requirements that differ from the necessary elements to claim the federal exemption. In Connecticut, the necessary elements to claim the homestead exemption are that: (1) the Debtor must own the property; (2) the Debtor must occupy the property; and (3) the property must be the debtor's primary residence. *See In re Kujan*, 286 B.R. 216, 220 (Bankr. D. Conn. 2002).

3

preponderance of the evidence, that the Debtor's claimed homestead exemption is improper. *See* Fed. R. Bankr. P. 4003(c); *In re Shaw*, 622 B.R. 569, 578 (Bankr. D. Conn. 2020). This burden applies to each element of the Trustee's Objection. *Id*.

Furthermore, exemption laws must be liberally construed in favor of the debtor. *See Sheehan v. Ash*, 889 F.3d 171, 173 (4th Cir. 2018); *In re Sawyers*, 2 F.4th 1133, 1137 (8th Cir. 2021); *Wilder v. Inter-Island Steam Navigation Co.*, 211 U.S. 239, 246 (1908) ("we are of opinion that this statute is not to be too narrowly construed, but rather to be liberally interpreted with a view to effecting the protection intended to be extended to a class of persons whose improvidence and prodigality have led to legislative provisions in their favor"). "For this reason, no mere technicality should defeat the right of exemption, and whenever the claim to an exemption can be brought within the purpose and intent of the statute by a fair and reasonable interpretation, the exemption should be allowed." *KLC, Inc. v. Trayner*, 426 F.3d 172, 176 (2d Cir. 2005).

Accordingly, under the provisions of Bankruptcy Code §§ 522(d)(1) and 522(*l*), to prevail on her Objection that the Property does not constitute the Debtor's homestead under Bankruptcy Code § 522(d)(1), the Trustee must produce evidence to rebut the Debtor's presumptively valid exemption demonstrating, as of the petition date, that: (1) the Debtor did not have an ownership interest in the Property; or (2) the Debtor, or a dependent of the Debtor, did not reside at the Property. If the Trustee presents sufficient evidence to rebut the presumption, then the burden of production shifts to the Debtor to present unequivocal evidence demonstrating that his exemption is proper. *See In re Riemann*, No. 09-0226, 2009 WL 3254486, at *2, (Bankr. D. Conn. Oct. 7, 2009) (quoting *Carter v. Anderson (In re Carter)*, 182 F.3d 1027, 1029 n.3 (9th Cir. 1999)). "The burden of persuasion, however, always remains with the objecting party." *Id*.

V.  DISCUSSION

The Trustee does not contest that a dependent child of the Debtor resided at the property on the Petition Date. (ECF No. 12, ¶ 7); *see* Bankruptcy Code § 522(d)(1). As a result, the only issue before the Court is whether the Debtor had a valid ownership interest in the Property. In essence, the inquiry here is whether there is something in the Divorce Judgment which extinguished the Debtor's ownership interest. The Trustee seemingly contends that the Debtor's interest in the real property was, functionally, a divorce settlement limited in form to a future cash payment of $34,000, and that the federal homestead exemption only applies to an unqualified ownership interest in real property. (ECF No. 12, ¶ 9–11).

Regarding an ownership interest, according to Conn. Gen. Stat. § 47-10, "[n]o conveyance shall be effectual to hold any land against any other but the grantor and his heirs, unless recorded on the records of the town in which the land lies." In conformity with this principle, a holder of record title is strongly presumed to be the owner of the real property in question. As far back as 1846, the Connecticut Supreme Court has unequivocally affirmed the dispositive nature of the land records:

> It has ever been the policy of our laws, to make every man's title to his real estate, as far as practicable, appear of record. It is true, there may be cases where this cannot well be done, as where a title has been acquired by possession. But our statute requires all grants and deeds of lands, to be recorded upon the records of the town where the lands are situated, and unless so recorded, are not good and effectual to hold such lands against any person but the grantor or his heirs.

*Bush v. Golden*, 17 Conn. 594, 601 (1846).

An interest in real estate that may affect title can be recorded via affidavit in accordance with Conn. Gen. Stat. § 47-12a, which provides procedures for recording "the happening of any condition or event which may terminate an estate or interest, unlawful restrictive covenants and any other state of facts affecting title to real property." Conn. Gen. Stat. § 47-12a. Nothing of the

sort has occurred here; it is undisputed that the Debtor holds record legal title to the Property and there is no evidence in the record to suggest otherwise. The Debtor has not transferred or relinquished this interest and had not transferred it as of the Petition Date.

Regardless, as to the $34,000 allocated value of the Debtor's interest, that portion of the Divorce Judgment is more properly construed as a collateral contract between the Debtor, as a holder of legal title, and his ex-spouse that merely constitutes a limitation on the amount that he may recover from her on the ownership interest upon its further disposition. This interpretation is supported by the fact that neither the Divorce Judgment nor any other order or affidavit of these facts relating to title were recorded in the land records in conformity with either Conn. Gen. Stat. § 47-33d or Conn. Gen. Stat. § 47-12a.

The Court therefore holds that, consistent with the provisions of Bankruptcy Code § 522(d)(1), and in recognition of the sanctity of legal title in the Connecticut land records system, and with the understanding that exemptions are to be construed liberally in favor of the Debtor, that the Debtor has properly claimed his federal homestead exemption. He held and holds record title to the Property, and his dependent child has resided at the Property as of the Petition Date and continues to reside there as of the date of this Order.

## VI. CONCLUSION

For the reasons stated above, the Court holds that, despite the anomalous terms of the Divorce Judgment, the Trustee has failed to satisfy her burden in demonstrating that the Debtor's claimed homestead exemption is improper. The Trustee's Objection is therefore **OVERRULED**.

**IT IS SO ORDERED** at Hartford, Connecticut this 4th day of April 2024.

*James J. Tancredi*
United States Bankruptcy Judge
District of Connecticut